NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STATE OF HAWAII, by its Office of Consumer Protection, | No. 21-15210 |
| Plaintiff-Appellee, | D.C. No. 1:19-cv-00272-DKW-RT |
| v. | |
| ROBERT L. STONE II, Esquire, DBA Gah Law Group, LLC, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| CYNTHIA A. STONE, | |
| Defendant, | |
| CHESTER NOEL ABING; et al., | |
| Intervenor-Defendants. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted October 12, 2021*

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

_____

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Robert L. Stone II appeals pro se from the district court's summary judgment in this action filed by The State of Hawaii's Office of Consumer Protection ("OCP") alleging Stone violated various federal and Hawaii consumer protection laws. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1144 (9th Cir. 2006). We affirm.

The district court properly granted summary judgment because OCP demonstrated there was no genuine dispute of material fact that Stone violated the statutes at issue. *See* 12 C.F.R. § 1015.5(a) (forbidding mortgage relief service providers from collecting payment from clients in advance of executing a written contract); Haw. Rev. Stat. §§ 480E-3, 480E-4, 480E-10(a)(9)-(10), 481A-3, 487-13 (forbidding distressed property consultants from collecting compensation before performing services or in excess of a client's annual real property tax, requiring certain disclosures in contracts, forbidding deceptive practices inducing a person to do what they would not otherwise, and requiring those who provide services to register to do business in Hawaii); *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (holding summary judgment is appropriate when a party "establish[es] beyond controversy every essential element" of its claims (citation and internal quotation marks omitted)).

We reject as without merit Stone's contention that the district court's grant of summary judgment violated his Seventh Amendment right to a jury trial. *See*

*Johnson v. Neilson (In re Slatkin)*, 525 F.3d 805, 811 (9th Cir. 2008) ("[A] summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**